IN THE SUPREME COURT OF THE STATE OF DELAWARE

MARTIN TUOHY, §
§
    Defendant Below, § No. 463, 2019
    Appellant, §
§ Court Below: Superior Court
    v. § of the State of Delaware
§
STATE OF DELAWARE, § Cr. I.D. No. 1807013187 (S)
§
    Plaintiff Below, §
    Appellee. §
§

Submitted: November 22, 2019
Decided: December 4, 2019

Before **SEITZ**, Chief Justice; **VALIHURA** and **VAUGHN**, Justices.

# **O R D E R**

After consideration of the notice to show cause and the appellant's response, it appears to the Court that:

(1) On November 8, 2019, the appellant, Martin Tuohy, filed a notice of appeal from a Superior Court order dated September 30, 2019 and docketed on October 3, 2019, denying Tuohy's motion for sentence modification. Under Supreme Court Rule 6, a timely notice of appeal should have been filed on or before November 4, 2019.

(2)     A notice of appeal must be timely filed to invoke the Court's appellate jurisdiction.[1]  The jurisdictional defect created by the untimely filing of a notice of appeal cannot be excused unless the appellant can demonstrate that the delay in filing is attributable to court-related personnel.[2]

(3)     On November 12, 2019, the Senior Court Clerk issued a notice directing Tuohy to show cause why this appeal should not be dismissed as untimely filed.  In response to the notice to show cause, Tuohy asserts that he is incarcerated, with limited access to the prison law library; that the prison was on institutional lockdown on October 30, 2019, and therefore he could not use the library that day to complete and file his notice of appeal, as he had been scheduled to do; and that he filed his appeal on November 4, 2019.  He also states that that the library staff instructed him that he had thirty days to file his appeal.

(4)     Tuohy's response to the notice to show cause does not provide a basis for excusing the untimely filing of the notice of appeal.  A notice of appeal must be received by the Court within the applicable time period to be effective.[3]  An appellant's *pro se*, incarcerated status does not excuse a failure to comply strictly with the jurisdictional requirements of Rule 6.[4]  Although Tuohy may have placed

---

[1] *Carr v. State*, 554 A.2d 778, 779 (Del. 1989).
[2] *Bey v. State*, 402 A.2d 362, 363 (Del. 1979).
[3] DEL. SUPR. CT. R. 10(a).
[4] *Dixon v. State*, 2012 WL 361721 (Del. Feb. 3, 2012).

his notice of appeal in the mail on November 4, the Court did not receive it until November 8. Delaware has not adopted a rule similar to the federal prison mailbox rule, which deems a notice of appeal as filed at the time it is delivered to prison authorities for mailing.[5] Moreover, limitations on access to the prison law library do not excuse the timely filing of a notice of appeal.[6] Because the record does not reflect that Tuohy's failure to file a timely notice of appeal is attributable to court-related personnel, the appeal must be dismissed.

NOW, THEREFORE, IT IS ORDERED, under Supreme Court Rule 29(b), that the appeal is DISMISSED.

BY THE COURT:

/s/ James T. Vaughn, Jr.
Justice

---

[5] *Schafferman v. State*, 2016 WL 5929953 (Del. Oct. 11, 2016).
[6] *Schoolfield v. State*, 1995 WL 264561 (Del. May 3, 1995).

3